## HESTRES, Administrator, *v.* BRANNAN *et al.*

In an action of ejectment where the plaintiff relied upon prior possession, his proof showed that several years before defendant's entry he inclosed the premises with a fence, and afterwards, and until the adverse entry, cultivated the inclosure by raising and gathering crops thereon; but there was no direct proof of the character of the fence or its efficiency: *Held*, that the possession was sufficiently proved; that the use of the property for a series of years, for purposes requiring an inclosure, was enough to show that the inclosure was a suitable one for those purposes, and sufficiently substantial to protect the premises.

Appeal from the Fifth Judicial District.

The facts are sufficiently stated in the opinion of the Court.

*Brown & Graves*, for Appellants.

Where a title to land rests in acts *in pais*, one of which is a substantial inclosure, the party, to make out his title, is required to show affirmatively the character of his inclosure, in order that the Court may see whether or not it is substantial and therefore sufficient. (*Wolf* v. *Baldwin*, 19 Cal. 306; *Plume* v. *Seward*, 4 Id. 96; *Murphy* v. *Wallingford*, 6 Id. 649; *Humphreys* v. *McCall*, 9 Id. 64; *Wright* v. *Whitesides*, 15 Id. 47; *Garrison* v. *Sampson*, Id. 95; *Corryell* v. *Cain*, 16 Id. 572; *Preston* v. *Kehoe*, 15 Id. 318.)

*John B. Hall*, for Respondent.

COPE, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action brought by the plaintiff's intestate, Comstock, to recover a tract of land in the county of San Joaquin. A judgment was recovered by Comstock, who died soon afterwards, and Hestres, the administrator of his estate, was substituted as plaintiff. On the trial Comstock relied upon prior possession, and the defendants contend that the evidence upon the subject was not sufficient to entitle him to recover. The land includes several hundred acres, and was used by Comstock for agricultural purposes. It was proved that he inclosed it in 1856, but the character of the inclosure was not shown, except that there was a fence. The land was cultivated prior to and in 1858, and volunteer crops were gathered from it in 1859 and 1860. In the fall of 1860 Comstock removed to Nevada Territory, employing persons to take charge of the property, and keep the fence in repair. The defendants took possession in 1861, and deny the right to possession asserted by Comstock.

The point made is that there was a failure of evidence in regard to the inclosure. The witnesses who testified to the fence expressed themselves in general terms, stating merely that there was one, without describing it. There was no direct evidence as to its efficiency in any respect, and it is contended that in the absence of such evidence there was nothing for the jury to act upon. The argument is that it was necessary to show an actual *bona fide* pos-

session, and that this could only be done by showing a substantial inclosure, and a meritorious use of the property. Admitting the correctness of the argument, however, it does not follow that the evidence was insufficient, for the character of the inclosure was indicated by the nature and circumstances of the use. The use of the property for a series of years, for purposes requiring an inclosure, was enough to show that the inclosure was a suitable one for these purposes, and sufficiently substantial to protect the possession. We are of opinion, therefore, that there was sufficient evidence to establish the fact of possession; and the record discloses no error for which the verdict should be set aside.

Judgment affirmed.